United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| STATE OF TEXAS, THE MUNICIPALITY OF THE CITY OF ANGLETON, §§§§§§§§§§§ | |
| Plaintiff. | |
| V. | CIVIL ACTION NO. 3:24-cv-00178 |
| INGA-ANTINE HOWARD, | |
| Defendant. | |

## **MEMORANDUM AND RECOMMENDATION**

This removed case has been referred to me for the initial pretrial and scheduling conference. *See* Dkt. 2. In advance of such conferences, I check to ensure that the court possesses subject matter jurisdiction over each case. For the reasons explained below, this court does not have jurisdiction over this lawsuit. Accordingly, I recommend, sua sponte, that this case be summarily remanded.

On June 18, 2024, Inga-Antine Howard ("Howard") removed to federal court a criminal proceeding brought against Howard in the Municipal Court of Record of the City of Angleton. *See* Dkt. 1 at 2 (purporting to remove Cause #A00156611 & A0015661V-1). Howard alleges Fifth Amendment and Fourteenth Amendment right to due process violations.

The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455. That statute requires the notice of removal to include all grounds for such removal and directs the federal court to examine the notice promptly. *See id.* § 1455(b)(2), (4). "If it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4).

Two insurmountable problems doom Howard's removal.

First, there is no valid ground for removal. As the Fifth Circuit has explained, "[e]xcept in rare cases involving federal defendants or the likelihood of equal-protection problems not applicable here, there is no jurisdictional basis for the removal of a state criminal proceeding." *Texas v. Tello*, 142 F. App'x 200, 201 (5th Cir. 2005). The substantive grounds for removal of a criminal matter are extremely limited. *See* 28 U.S.C. § 1442 (allowing removal of criminal prosecutions against federal officers for acts under color of law); *id.* § 1442a (allowing removal of criminal prosecutions against members of the armed forces for acts under color of their office); *id.* § 1443(1) (allowing removal of criminal prosecutions where a person "is denied or cannot enforce in [State court] a right under any law providing for [his] equal civil rights"); *id.* § 1443(2) (allowing removal of criminal prosecutions for "any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law"). None of these bases for subject matter jurisdiction applies here. Accordingly, this court lacks jurisdiction.

Second, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." *Id.* § 1455(b)(1). "The term 'arraignment' refers to 'the state procedure by which the defendant first enters a plea to the criminal charge.'" *Utah v. Bryson*, No. 2:15-mc-00890, 2016 WL 4702101, at *1 (D. Utah Aug. 19, 2016) (quoting 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3731 n.6 (4th ed. 2015)).

According to the Notice of Removal, Howard entered a plea on March 15, 2024. *See* Dkt. 1 at 2. The Notice of Removal was filed more than 30 days later on June 18, 2024. That is too late. Because the "removal statutes are to be construed strictly against removal and for remand," this case does not belong in federal court. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).

## CONCLUSION

For the reasons discussed above, this court does not have jurisdiction over this lawsuit and summary remand is required under § 1455(b)(4). Accordingly, I recommend this matter be **REMANDED** to the Municipal Court of Record of the City of Angleton.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 25th day of June 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE